the claimant; and, under the law, I am bound to remand him to the custody of his master, with authority to take him to the state of Kentucky, the place from whence he fled.

---

MILLER (MASSOLETTI v.). See Case No. 9,264.

MILLER (MAZE v.). See Case No. 9,302.

---

## Case No. 9,584.

### MILLER v. MOORE.

[1 Cranch, C. C. 471.] [1]

Circuit Court, District of Columbia. Nov. Term, 1807.

PRINCIPAL AND AGENT—AUTHORITY TO INDORSE—EVIDENCE—PRODUCTION OF WRITTEN AUTHORITY.

In an action by the indorsee of a promissory note against the maker, the plaintiff need not produce written evidence of the authority of the indorser's agent to indorse.

Debt on a promissory note, made by Moore to W. T. Alexander, or order, for value received, negotiable in the Bank of Alexandria; indorsed, "Pay to Richard and Stephen Winchester, or order"—signed, "William T. Alexander, by his attorney in fact, John T. Wellford"—and "Pay Mordecai Miller," signed, "R. & S. Winchester."

Mr. Swann, for defendant, contended that the plaintiff must show a written authority from W. T. Alexander to John T. Wellford, to indorse and transfer the note.

But THE COURT permitted parol (vivâ voce) testimony to be offered, to show that Wellford was an agent for Alexander, and that he had been accustomed to indorse the name of Alexander on notes, and that Alexander had sanctioned such indorsements.

---

## Case No. 9,585.

### MILLER v. NEW YORK et al.

[13 Blatchf. 469.] [2]

Circuit Court, S. D. New York. Aug. 4, 1876.

BRIDGES — OBSTRUCTION TO NAVIGATION— VIOLATION OF LAW—REGULATION OF COMMERCE.

1. A citizen of New York brought suit in this court against the municipal corporations of the cities of New York and Brooklyn, and certain individual citizens of New York, to restrain the building of a bridge in New York across the East river, a navigable river, on the ground that it would be a public nuisance: Held, that this court had no jurisdiction of the suit, so far as any question of a violation of the law of New York was concerned, but that it could take jurisdiction to enquire whether the bridge was being so built as to violate the constitution or laws of the United States.

2. The history of the legislation of New York and of the United States, in regard to such bridge, reviewed.

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Hon Samuel Blatchford, District Judge, and here reprinted by permission.]

3. Under such legislation of the United States, if the bridge is constructed in conformity with the requirements of law, it follows that the navigation of the river will not thereby, in contemplation of. law, be obstructed, or impaired or injuriously modified.

4. Congress had power to authorize, as a regulation of commerce, the building of the bridge in the prescribed manner.

[Cited in People v. Kelly, 76 N. Y. 482.]

5. It appearing that the bridge was being constructed according to the requirements of the legislation of congress, and that the state of New York had, by subsequent legislation, sanctioned its being constructed in such manner, an injunction to restrain its erection, as a public nuisance, was refused.

[6. Cited in Walsh v. Trustees of New York & Brooklyn Bridge, 96 N. Y. 438, to the point that the "Trustees of the New York and Brooklyn Bridge" are not a corporation, and, as such, necessary parties to the suit.]

[This was a bill by Abraham B. Miller against the mayor, aldermen, and commonalty of the city of New York, city of Brooklyn, and others, for a preliminary injunction to restrain the erection of a bridge over the East river, between New York and Brooklyn.]

William H. Arnoux, for plaintiff.

Charles H. Tweed and Edgar M. Cullen, for defendants.

JOHNSON, Circuit Judge. The plaintiff in this suit is a citizen of the state of New York, and the defendants are the municipal corporations of the cities of New York and Brooklyn, and also certain individual citizens of the state. This court, therefore, derives no jurisdiction from the citizenship of the parties, for it is, in general, only when there is a controversy between citizens of different states that jurisdiction is conferred upon the ground of the citizenship of the parties. We must look, therefore, to the subject-matter of the suit, to sustain the jurisdiction. The circuit courts of the United States have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature, at common law or in equity, arising under the constitution or laws of the United States, or treaties made, or which shall be made, under their authority. Act March 3, 1875, § 1 (18 Stat. 470).

The claim of the plaintiff is, that the proposed bridge over the East river, between the cities of New York and Brooklyn, will be a public nuisance, from which he will suffer a particular private injury, other than the common injury which every citizen suffers from a public nuisance. Now, if the bridge will be a public nuisance, it must be because it will violate the law of New York or that of the United States. For a violation of the law of New York the plaintiff cannot come into this court. He and the defendants are citizens of New York, and he must seek his remedy from the justice of that state. Jurisdiction in that behalf between citizens of the same state is not conferred upon the circuit courts of the United States. In Milnor v.